IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| DIANE SLADE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: 3:11-CV-136 (CAR) |
| v. | : | |
| | : | |
| BAYVIEW LOAN SERVICING LLC, | : | |
| | : | |
| Defendant. | : | |

_____

## ORDER TO CONSOLIDATE

In this case, Plaintiff Dianne Slade has filed a *pro se* complaint against Defendant Bayview Loan Servicing LLC, asserting Defendant unlawfully violated the Fair Debt Collection Practices Act and various Georgia statutes by initiating foreclosure proceedings against Plaintiff's property located at 420 Anne P. Henderson Drive, Social Circle, Georgia (the "Property"). Plaintiff also has an almost identical case currently pending in this Court, Slade v. Bayview Loan Servicing LLC, Case No. 3:11-CV-100, in which she also claims Defendant unlawfully violated the Fair Debt Collection Practices Act by initiating foreclosure proceedings against Plaintiff's Property. The Court finds these two cases clearly involve common questions of law and fact and therefore ORDERS the two cases to be CONSOLIDATED pursuant to Fed. R. Civ. P. 42(a).

## ANALYSIS

Rule 42(a) affords a district court authority to order multiple actions consolidated "[w]hen actions involving a common question of law or fact are pending before the court." Fed. R. Civ. P. 42(a). The Eleventh Circuit has explained that consolidation pursuant to Rule 42(a) "is permissive and vests a purely discretionary power in the district court." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir .1995) (quoting In re Air Crash Disaster at Florida Everglades, 549 F.2d 1006, 1013 (5th Cir.1977)). In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated. See Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir.1985).

This Court has reviewed the Complaints in these two actions and readily confirms that they encompass common, if not identical, questions of law and fact; that consolidation would promote the interests of judicial economy, efficiency and convenience; and that consolidation would not appear likely to yield any countervailing inconvenience, delay, prejudice or expense for the Court or the litigants. Thus, the Court exercises its discretion and consolidates these two cases.

The Court notes that it is consolidating these cases *sua sponte*.   The law is clear

that district courts are authorized to consolidate cases for trial *sua sponte,* without a motion from the parties. See, e.g., Devlin v. Transportation Communications Int'l Union, 175 F.3d 121, 130 (2nd Cir.1999) ("A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte.");* Blasko v. Washington Metropolitan Area Transit Authority, 243 F.R.D. 13, 15 (D.D.C.2007) ("By its plain language, Rule 42(a) permits *sua sponte* consolidation."); Disher v. Citigroup Global Markets, Inc., 487 F.Supp.2d 1009, 1013-14 (S.D.Ill.2007) ("A court may order consolidation *sua sponte* and, if need be, over the objections of parties."). As such, the lack of any Rule 42(a) motion from any party in either of the two cases is no impediment to consolidation if the relevant considerations warrant same.

## CONCLUSION

Pursuant to Fed. R. Civ. P. 42(a), the Court hereby **ORDERS** that the instant case, Slade v. Bayview Loan Servicing LLC, 3:11-CV-136-CAR, be **CONSOLIDATED** into Slade v. Bayview Loan Servicing LLC, 3:11-CV-100-CDL and that the present case, 3:11-CV-136, be **ADMINISTRATIVELY CLOSED**.

To avoid any confusion, and given that 3:11-CV-136 will henceforth be a closed file, the parties are **ORDERED** not to include the caption of 3:11-CV-136 in any future filings in this action and not to file any pleadings directly in 3:11-CV-136. Rather, all

future filings in these consolidated proceedings should be made exclusively in

3:11-CV-100.

**SO ORDERED.**   This 22nd day of September, 2011.


S/   C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH